### K. F. MOORE, ET AL., *v.* COMMONWEALTH.

**Officer—Acts of De Facto Officer Binding.**
> The official acts of a de facto officer are valid so far as they affect either public or private interests.

**Collateral Attack.**
> The official acts of an officer de facto cannot be questioned in a collateral proceeding.

APPEAL FROM LINCOLN CIRCUIT COURT.

September 3, 1875.

OPINION BY JUDGE PRYOR:

The response to the rule issued in this case was properly held to be insufficient. The appellant says that Lytle, the county judge, received at the election a majority of the votes cast for that office; and the returns showing this fact, he was commissioned by the governor. It is now insisted that he was not eligible, for the reason that he was acting or was in fact the postmaster of the town when his election took place, and therefore his acts as county judge are void. The authorities make a distinction between an officer de facto and a mere usurper, and when he holds his office under color of legal right his action in discharging its duties must be held valid so far as it affects either private or public interests. In this case Lytle had all the evidence, so far as the public was concerned, of an undoubted right to hold the office of county judge, and the effort to invalidate his acts or declare his office vacant in the collateral proceeding cannot be maintained.

The fact that the warrant upon which the party was arrested is defective, cannot defeat the recovery on the bond, if the party was before the officer charged with a public offense of such a character as authorized the officer to take a bond for his appearance. It is violative of the conditions of such a bond when the party fails to appear.

Judgment *affirmed.*

*W. H. Miller, for appellants.    Jno. Rodman, for appellee.*